CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 0 8 2009

JOHN F CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

| | |
|---|---|
| PARAGON CAPITAL LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09cv00025 |
| | ) |
| JOSEPH MEUSE, | ) |
| | ) |
| 360 Main Street | ) |
| Washington, Virginia 22747 | ) |
| | ) |
| and | ) |
| | ) |
| BELMONT PARTNERS, LLC, | ) |
| | ) |
| SERVE: | ) |
| | ) |
| Joseph Meuse | ) |
| Registered Agent | ) |
| 360 Main Street | ) |
| Washington, Virginia 22747-0000 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT
(Breach of Contract)

Paragon Capital LP, by counsel, by and for its cause of action against Defendants Joseph Meuse and Belmont Partners, LLC, states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Paragon Capital LP ("Paragon") is a Delaware limited partnership, organized under the laws of Delaware with its principal place of business in New York. The partners of Paragon are citizens of California, Colorado, New York, Florida, Connecticut, and New Jersey.

4. Defendant Joseph Meuse ("Meuse") is a resident of Virginia.

5. Defendant Belmont Partners, LLC ("Belmont") is a Virginia limited liability company. Upon information and belief, all members of Belmont are of diverse citizenship to Paragon.

## FACTUAL ALLEGATIONS

6. Defendant Belmont is an international financial consulting firm.

7. At all times relevant to this action, Defendant Meuse was a Managing Member of Belmont.

8. On or about June 30, 2008, Paragon entered into an Agreement for Purchase of certain common stock and warrants ("the Agreement") with Meuse and Belmont.

9. Under the Agreement, Paragon would purchase from Meuse and Belmont for a total purchase price of one hundred seventy five thousand dollars ($175,000.00) one hundred thousand (100,000) shares of the common stock ("the Stock") of Amaxan Transport Group, Inc. ("AAXT") and warrant to buy ninety thousand (90,000) shares of AAXT common stock ("the Warrants") at an exercise price of three dollars and ninety one cents ($3.91).

10. Under the Agreement, Paragon was to wire one hundred seventy five thousand dollars ($175,000.00) to Meuse and Belmont on June 30, 2008.

11. Paragon paid to Belmont and Meuse the one hundred seventy five thousand dollars ($175,000.00) required by the Agreement.

12. Paragon received the Stock and Warrants from Meuse and Belmont.

13. On or about September 26, 2008, Meuse informed Paragon that there appeared to be possible fraudulent and/or illegal activities at AAXT.

14. In response to the alleged fraudulent and/or illegal actions, Meuse and Belmont offered to rescind the Agreement and Paragon accepted the offer to rescind.

15. As of October 2, 2008, Paragon, Meuse, and Belmont signed a Mutual Rescission and Release Agreement ("Mutual Rescission"). This contract sought to return the parties to their respective positions prior to entering into the Agreement.

16. A true and accurate copy of the Mutual Rescission is attached hereto as **Exhibit A**.

17. On or about October 20, 2008, Paragon delivered to Belmont the Stock and the Warrants, pursuant to the requirements of the Mutual Rescission.

18. Belmont and Meuse failed to deliver the money owed to Paragon pursuant to the Mutual Rescission.

19. Paragon made demand on Belmont and Meuse numerous times.

20. On or about January 15, 2009, approximately two (2) months after payment was required under the Mutual Rescission, Belmont paid Paragon seventy five thousand dollars ($75,000.00).

21. Meuse and Belmont continue to owe Paragon one hundred thousand dollars ($100,000.00) under the terms of the Mutual Rescission.

22. Paragon has made demand for the remaining one hundred thousand dollars ($100,000.00).

23. Belmont and Meuse have failed to make payment, and thus have not met their requirements under the Mutual Rescission.

### Count One – Breach of Contract

24. Paragon incorporates by reference the allegations contained in paragraphs 1-23.

25. Belmont's and Meuse's failure to pay the money owed under the Mutual Rescission constitutes a breach of the agreement.

26. Despite due demand, Belmont and Meuse have failed to cure the breach of the Mutual Rescission.

27. Paragon has satisfied all of its obligations under the Mutual Rescission.

28. To date, Paragon has been damaged in the amount of $100,000.00, which represents amount owed under the Mutual Rescission. Additionally, interest accruing at the rate of 25% is owed pursuant to the Mutual Rescission. Paragon continues to accrue damages on a monthly basis. Paragon intends to amend its complaint from time to time to include all money due and owing through the date of trial.

29. Pursuant to the Mutual Rescission, Belmont and Meuse are obligated to pay Paragon's costs and legal fees for collecting amounts due under the Mutual Rescission.

WHEREFORE, Plaintiff Paragon Capital LP, as to Count I, prays for the following damages and other forms of relief from the Defendants with costs expended herein:

    A. Damages equal to $100,000.00 for Defendants' obligation to pay money owed under the Mutual Rescission, together with interest according to the terms of the Mutual Rescission;

    B. Attorney's fees incurred by Paragon in the collection of Defendants' obligation and enforcement of the Mutual Rescission;

C.   Any further relief this Court deems just and proper.

<strong><u>Demand for Trial by Jury</u></strong>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury is demanded for all claims and issues.

> Respectfully submitted,
>
> PARAGON CAPITAL LP
> By Counsel

Date:   April 7, 2009

By: _____
John A. C. Keith, VSB No. 14116
Patricia C. Amberly, VSB No. 74627
Counsel for Plaintiff
    Paragon Capital LP

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
jkeith@bklawva.com
tamberly@bklawva.com
(703) 691-1235 telephone
(703) 691-3913 facsimile